

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 1 4 2011

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

| | | |
|---|---|---|
| VALLEY COMMERCIAL CAPITAL, LLC | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | NO: 4:11CV000031  SWW |
| | * | |
| WOODSON AIR, INC.; KIM J. WOODSON; and WOODSON DEVELOPMENT, INC. | * | |
| | * | |
| Defendants | * | |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

Valley Commercial Capital, LLC ("Valley") brings this action for replevin against Woodson Air, Inc., ("Woodson Air"), Kim J. Woodson, and Woodson Development, Inc., pursuant to the Court's diversity jurisdiction.  Before the Court is Valley's motion for a temporary restraining order enjoining the defendants from transferring, damaging, dissipating, or misusing an airplane in which Valley claims a security interest.

### I.

The following facts are taken from the verified complaint.  On July 1, 2007, Woodson Air gave Valley a replacement promissory note for $662,000 in furtherance of an initial loan ("the Loan") for which Valley obtained security interests in a Piper Aircraft airplane ("Aircraft").  The loan is guaranteed by separate defendants Kim J. Woodson and Woodson Development, Inc., and is currently in default.

Valley fully performed its obligations under the Loan agreement, including sending

notices of default, and the Loan debt is immediately due and payable.  Insurance on the Aircraft

has not been maintained as required under the aforementioned security agreements.  Additionally,

the security agreements provide that the Aircraft will be based at the Russellville Airport, and

Valley has information that the Aircraft has been moved out of state.

Attached to the verified complaint is the affidavit of John A. Cina, a vice president of

Valley, who affirms the foregoing information and testifies that he is concerned that the Aircraft

will be altered or moved unless a restraining order is provided.  *See* docket entry #1, Ex. H.

## II.

Rule 65(b) of the Federal Rules of Civil Procedure provides:

> The court may issue a temporary restraining order without written or oral notice to
> the adverse party or its attorney only if:  (A) specific facts in an affidavit or a verified
> complaint clearly show that immediate and irreparable injury, loss, or damage will
> result to the movant before the adverse party can be heard in opposition; and (B) the
> movant's attorney certifies in writing any efforts made to give notice and the reasons
> why it should not be required.

Fed. R. Civ. P. 65(c).

In addition to foregoing requirements set forth under Rule 65(b), in determining whether

to grant a temporary restraining order, the Court is required to consider the following factors set

forth in *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981):  (1) the

movant's probability of success on the merits; (2) the threat of irreparable harm to the movant

absent the injunction; (3) the balance between the irreparable harm and the injury that the

injunction's issuance would inflict on other interested parties; and (4) the public interest.

The Court finds that each of the requirements for the issuance of a temporary restraining

order are met in this case.  First, the specific facts in the verified complaint, including Woodson

Airs' loan default, removing the Aircraft from the state, and failing to maintain insurance on the

Aircraft, clearly show that immediate and irreparable loss to Valley is likely to result unless the defendants are prevented from transferring, damaging, dissipating, or misusing the Aircraft.

Second, Valley's attorney, Brain Rosenthal, certifies in writing that no efforts have been made to give notice to the defendants because Valley reasonably fears that if they receive advance notice of this proceeding, the Aircraft, which serves as the sole security for the Loan, will be removed and forever lost.

Third, the Court finds that Valley is likely to succeed on its claim for replevin. Under Arkansas law, a court may issue a writ of replevin on behalf of a party having the immediate right of possession in property. *See* Ark.Code. Ann. 18-60-801, et seq. Here, Valley presents credible evidence, including Cina's affidavit and copies of the aforementioned promissory note and loan and security agreements, that it has an immediate right to possession of the Aircraft.

Fourth, given evidence that Valley has the right to possession of the Aircraft, the Court finds that the balance of harm tips in Valley's favor. Fifth, the Court finds that the public interest will be served if Valley's security interest is preserved.

Finally, Rule 65(c) of the Federal Rules of Civil Procedure permits a court to issue a temporary restraining order only if the movant gives security in an amount that the court finds proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Here, Valley has obtained a bond in replevin for $800,000, which names the defendants as obligees. *See* docket entry #1, Ex. I. The Court finds that this security is sufficient.

**III.**

After careful consideration, the Court finds that Plaintiff Valley Commercial Capital, LLC has met its burden to establish the necessity of a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b), and the motion is GRANTED.

IT IS HEREBY ORDERED that Defendants Woodson Air, Inc., Kim J. Woodson, and Woodson Development, Inc., along with their officers, agents, servants, employees, and anyone authorized to act on their behalf, are temporarily enjoined from relocating, transferring, damaging, destroying, dissipating or misusing Piper Aircraft, Year 2000, Model PA46-350P, Serial No. 4636255, FAA Reg. No. N12KW, Single Engine manufacturer Lysoming T10-540-AE2A 350 Horsepower, previously assigned as security for a loan and promissory note executed by Defendant Woodson Air, Inc.

IT IS FURTHER ORDERED that, unless extended by agreement of the parties or by order of the Court, this temporary restraining order shall expire at ___2___ o'clock p.m. on January 28, 2011.

IT IS SO ORDERED THIS 14th DAY OF JANUARY, 2011, at ___2___ o'clock p.m.


UNITED STATES DISTRICT JUDGE

4